IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAMARE COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 07-680-GPM |
| ) | |
| DAN STRAUCH, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court on preliminary review of the allegations of federal subject matter jurisdiction asserted in the notice of removal filed by Defendant Dan Strauch. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Board of Educ. of Decatur Sch. Dist. No. 61 v. Rainbow/Push Coalition*, 75 F. Supp. 2d 916, 918 (C.D. Ill.1999) (citing *Wisconsin Knife Works*, 781 F.2d at 1282) (reviewing a notice of removal sua sponte and holding that the court lacked federal subject matter jurisdiction); *Waymar Med., Inc. v. American Med. Elecs., Inc.*, 786 F. Supp. 754, 755 (E.D. Wis. 1992) (same). *See also Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) (noting that a federal court "has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-cv-592-JPG, 2007 WL 2746612, at *1 (S.D. Ill. Sept. 18, 2007) ("The limited nature of federal subject matter jurisdiction imposes on federal courts a duty to examine their jurisdiction at every stage of a proceeding, sua sponte if need be.");

*McNichols v. Johnson & Johnson*, 461 F. Supp. 2d 736, 738 (S.D. Ill. 2006) (quoting *Market St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 590 (7th Cir. 1991)) ("Because a federal court's jurisdiction is limited, it has a 'nondelegable duty to police the limits of federal jurisdiction with meticulous care.'").

On September 17, 2007, Plaintiff Tamara Cox, a resident of Robinson, Illinois, filed this action in the small claims division of the Circuit Court of the Second Judicial Circuit, Crawford County, Illinois. The handwritten allegations of Cox's pro se complaint, which are somewhat difficult to read, appear to allege the following unlawful acts by Strauch: "violation of constitutional and civil rights"; "forcible entry without just cause"; "damage to private property"; "unlawful restraint"; "assault and battery"; "knowingly causing bodily harm to a disabled person"; "severe mental cruelty"; "kidnapping [sic]"; "blackmail and extortion"; and "harassment." Doc. 3, Ex. 1 at 2. Cox requests a judgment for damages against Strauch in the amount of $10,000, together with court costs. *See id*. On September 18, Strauch was served with the complaint. *See id*., Ex. 1 at 1. On October 2, Strauch removed the case to this Court, asserting that Cox's allegations of violations of her constitutional and civil rights bring this case within the scope of 42 U.S.C. § 1983, so that the Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3); to the extent Cox's claims arise under state law, Strauch urges the Court to take supplemental jurisdiction of those claims pursuant to 28 U.S.C. § 1367. The Court has reviewed carefully the record of this case and discerns no evidence of federal subject matter jurisdiction herein. Accordingly, pursuant to 28 U.S.C. § 1447(c) the Court sua sponte remands this action to Illinois state court for lack of subject matter jurisdiction.

## II. ANALYSIS

### A.     Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing federal jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1044 (S.D. Ill. 2006). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057-58 (S.D. Ill. 2006) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). "All doubts about the propriety of removal are to be resolved in favor of remand." *Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1014 (S.D. Ill. 2007). *See also Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006) ("Doubts concerning removal must be resolved in favor of remand to the state court."); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

### B.     Federal Question Jurisdiction

As noted, the asserted basis for federal subject matter jurisdiction in this case is 28 U.S.C. § 1331, pursuant to which federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The usual test of whether

an action arises under federal law for purposes of so-called "federal question" jurisdiction pursuant to Section 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152-53 (1908); *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995). "[T]he paramount policies embodied in the well-pleaded complaint rule . . . [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 398-99. *See also Hart v. Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan*, 360 F.3d 674, 678 (7th Cir. 2004); *Speciale v. Seybold*, 147 F.3d 612, 614 (7th Cir. 1998).

Importantly, the well-pleaded complaint rule requires generally that a complaint state a claim for relief under federal law. As Justice Holmes explained, "A suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). *See also Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007); *Clevenger v. Eastman Chem. Co.*, No. 07-cv-148-DRH, 2007 WL 2458474, at *2 (S.D. Ill. Aug. 24, 2007); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007). The well-pleaded complaint rule, by restricting federal question jurisdiction to cases asserting claims for relief under federal law, not only preserves a plaintiff's right to choose his or her forum but also "severely limits the number of cases . . . that may be initiated in or removed to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983). The policy underlying

the well-pleaded complaint rule of protecting the proper balance of power as between federal and state courts dovetails with the policy favoring narrow construction of removal. "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, . . . which mandate strict construction of the removal statute." *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 590 (S.D. Ill. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)). *See also Sabo v. Dennis Techs., LLC*, No. 07-cv-283-DRH, 2007 WL 1958591, at *7 (S.D. Ill. July 2, 2007) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)) ("Since the basis for the exercise of federal jurisdiction on removal is statutory and entirely governed by the will of Congress, removal jurisdiction must be construed narrowly in favor of the jurisdiction of state courts.").

Turning then to the issue of the existence of federal question jurisdiction in this case, the Court notes first that there is nothing in the record to suggest that the deprivation of civil rights alleged in Cox's complaint was the product of state action. In general, of course, the United States Constitution confers on citizens no right to be free from injury by their fellow citizens. Thus, for example, "there is no constitutional right to be protected by the state against being murdered by criminals or madmen." *Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982). This is because "[t]he Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order." *Id*. *Cf. Olmstead v. United States*, 277 U.S. 438, 478 (1928) (Brandeis, J., dissenting) ("The makers of our Constitution . . . . conferred, as against the government, the right to be let alone – the most comprehensive of rights and the right most valued by civilized men."). "The men who wrote the Bill of Rights were not concerned that government

might do too little for the people but that it might do too much to them." *Jackson v. City of Joliet*, 715 F.2d 1200, 1203 (7th Cir. 1983). *See also DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (noting that the purpose of the Due Process Clause of the Fourteenth Amendment is "to protect the people from the State, not to ensure that the State protect[s] them from each other."); *J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 272-73 (7th Cir. 1990) (holding that school officials owed no constitutional duty to students to protect them from sexual abuse by a teacher); *Wilson v. Cahokia Sch. Dist. # 187*, 470 F. Supp. 2d 897, 901-07 (S.D. Ill. 2007) (an elementary school student had no constitutional right to be protected from a sexual assault by another student on school premises). In this instance, nothing in the record shows the requisite state action necessary to sustain a civil rights action against Strauch.

A further defect in federal subject matter jurisdiction in this case is that nothing in the record shows that Cox is asserting constitutional and civil rights founded upon federal law, rather than state law. It is true, of course, that a claim alleged by a removing defendant to be federal in nature need not be labeled as such to fall within federal jurisdiction. *See, e.g., Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Nevertheless, "the party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the . . . law of the United States by his declaration or bill." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913). Accordingly, where a complaint asserts only state-law rights of action, it is "immaterial is it that the plaintiff could have elected to proceed on a federal ground" and if a plaintiff "decides not to invoke a federal right, his claim belongs in a state court." *Pan Am. Petroleum Corp. v. Superior Court of Del.*, 366 U.S. 656, 663 (1961). *See also Caterpillar*, 482 U.S. at 392 (the well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she

may avoid federal jurisdiction by exclusive reliance on state law."); *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918) ("It is . . . settled that a case, arising under the laws of the United States, nonremovable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff."); *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976) (a plaintiff may "defeat removal to the federal courts by avoiding allegations which provide a basis for the assertion of federal jurisdiction."); 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice & Procedure* § 3722 (3d ed. 1998 & Supp. 2007) ("[T]he plaintiff is considered master of his complaint and may choose not to assert a federal right that is available and thus rely only on rights created under state law[.]") (collecting cases).

In this instance, Cox's state-court complaint alleges only a "violation of [her] constitutional and civil rights" by Strauch. Doc. 3, Ex. 1 at 2. Consistent with the well-pleaded complaint rule and the weight of federal authority, the Court will not infer the assertion of a federal right of action where a state-law right of action is available to Cox for the same alleged violation of her rights. *See Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998) ("[A] plaintiff may avoid federal jurisdiction by pleading only state law claims, even where federal claims are also available, and even if there is a federal defense."); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (when a claim is available under both state and federal law, a plaintiff may avoid federal subject matter jurisdiction by relying exclusively on state law); *Ultramar Am., Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990) ("The fact that an alternative theory of relief exists for each claim alleged in the complaint, one not dependent upon federal law, is itself grounds to defeat

federal question jurisdiction."); *Matherly v. Las Vegas Valley Water Dist.*, 926 F. Supp. 990, 993 (D. Nev. 1996) (even though same the facts could have been the basis for a federal claim, a plaintiff's state claim is not thereby transformed into a federal claim for purposes of federal question jurisdiction); *Shapiro v. Middlesex County Mun. Joint Ins. Fund*, 930 F. Supp. 1028, 1032 (D.N.J. 1996) ("If a claim can be maintained on both state and Federal grounds, the plaintiff has the option to defeat removal by ignoring the Federal question and only asserting the state law claim."); *Mississippi v. Abbott Labs., Inc.*, 900 F. Supp. 26, 33 (S.D. Miss. 1995) (state antitrust claims were not removable to federal court, even though the allegations of the complaint could support a claim under federal antitrust law); *Hunneman Real Estate Corp. v. Eastern Middlesex Ass'n of Realtors, Inc.*, 860 F. Supp. 906, 909-10 (D. Mass. 1994) (same); *Texas v. Insurance Servs. Office, Inc.*, 699 F. Supp. 601, 604-05 (W.D. Tex. 1988) (same); *Fischer v. Holiday Inn of Rhinelander, Inc.*, 375 F. Supp. 1351, 1354 (W.D. Wis. 1973) (holding that trademark-violation claims brought under state law were not removable although the claims could have been brought under federal trademark law); *Cue Publ'g Co. v. Colgate-Palmolive Co.*, 233 F. Supp. 443, 444 (S.D.N.Y. 1964) (same); *Fluidless Non-Tact Lenses, Inc. v. Klear Vision Contact Lens Specialists, Inc.*, 158 F. Supp. 145, 146 (S.D.N.Y. 1958) (same); *M & D Simon Co. v. R.H. Macy & Co.*, 152 F. Supp. 212, 216 (S.D.N.Y. 1957) (same). As a rule, federal courts should be "resistant to finding a federal claim by implication," *Folkes v. New York Coll. of Osteopathic Med. of N.Y. Inst. of Tech.*, 214 F. Supp. 2d 273, 276 n.1 (E.D.N.Y. 2002), just as it is the duty of such courts to construe the removal statutes narrowly and to resolve doubts in favor of remand. *See Deats v. Joseph Swantak, Inc.*, 619 F. Supp. 973, 977 n.12 (N.D.N.Y. 1985) (in determining whether claims arise under federal law, courts should "err on the side of non-removability," especially in "close cases").

The Court concludes that it cannot exercise jurisdiction in this instance on the basis of a federal question and that this case must be remanded to state court. "Napoleon at his coronation took the imperial crown out of the hands of the Pope and crowned himself. Federal judges do not have a similar prerogative. A court that does not have jurisdiction cannot assume it, however worthy the cause." *In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 670 (7th Cir. 2001). Similarly, it is axiomatic that the existence of federal subject matter jurisdiction "cannot be based upon probabilities, surmise, or guesswork." *Hohn v. Volkswagen of Am., Inc.*, 837 F. Supp. 943, 945 (C.D. Ill. 1993). *See also Schaefer v. Nash*, 149 F.R.D. 583, 584 (N.D. Ill. 1993) ("Federal jurisdiction cannot be based on surmise or guesswork (however probable )[.]"); *Stamper v. Lincoln Nat'l Admin. Servs. Corp.*, No. 91 C 2123, 1991 WL 65819, at *1 (N.D. Ill. Apr. 23, 1991) (same). It is possible that future developments in this case might permit another removal, such as the filing by Cox of a complaint asserting claims under federal law. *See* 28 U.S.C. § 1446(b); *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998). On the other hand, it is possible that Cox might take affirmative steps to block further such removals by, for example, disclaiming any remedy under federal law. *See, e.g., McDonald v. Life Ins. Co. of Ga.*, No. Civ.A. 502CV80WS, 2002 WL 32397236, at **1-2 (S.D. Miss. Apr 16, 2002); *Willis v. Life Ins. Co. of Ga.*, No. Civ.A. 400CV323PB, 2001 WL 34403088, at **3-4 (N.D. Miss. May 31, 2001). Whatever may happen in this case in the future, on the state of the record the Court cannot exercise jurisdiction at this time. "[A] removal based on the existence of a federal question must allege all facts essential to the existence of that federal question. The existence of a federal question cannot be left to mere speculation." *Sumter Reg'l Hosp. v. Patten Seed Co.*, No. 5:06-CV-121(DF), 2006 WL 3490797, at *2 (M.D. Ga. Dec. 1, 2006). *See also Bennett v. Alltel Mobile Communications of Ala., Inc.*, No.

CIV. A. 96-D-232-N, 1996 WL 1054301, at *1 (M.D. Ala. May 14, 1996). The existence of federal subject matter jurisdiction in this case is purely speculative. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 941 (S.D. Ill. 2006) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)) (internal citation omitted). Accordingly, the Court will remand this case to state court.

### III. CONCLUSION

Pursuant to 28 U.S.C. § 1447(c), this case is hereby **REMANDED** to the Circuit Court of the Second Judicial Circuit, Crawford County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 10/5/07

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge